UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CAPTEC FRANCHISE TRUST 2000-1,  )
                                )
            Plaintiff           )
                                )
       vs.                      )   CAUSE NO. 3:05-CV-231 RM
                                )
DINING DELIGHT, INC. and        )
RICHARD BEST,                   )
                                )
            Defendants          )

OPINION and ORDER

Captec Franchise Trust 2000-1 filed suit in this court against defendants Dining Delight, Inc. and Richard Best on January 3, 2005, alleging fraudulent transfers of licenses relating to three Arby's Restaurants and violations of Indiana's Business Corporations Act. When no answer was filed by the defendants, a default was entered against them on June 15, 2005.

On January 22, 2006, the defendants filed their moved to set aside the default. They represent that although they were aware of the entry of default, they took no action in the case because the parties have been involved in settlement negotiations attempting to resolve their differences. The defendants assert that they weren't properly served with process, they have a meritorious defense to the plaintiff's complaint, and the plaintiff won't be prejudiced by allowing the action to go forward, so good cause exists to set aside the default.

The day after the defendants filed their motion to set aside the default, Captec moved for a default judgment against the defendants. The parties have filed their responses and replies to the motions, which are ripe for review.

A defendant seeking to vacate an entry of default or default judgment must show (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994); *see also* FED. R. CIV. P. 55(c). Determining what constitutes good cause for setting aside a default requires the court to consider all the relevant circumstances surrounding the party's omission, including the danger of prejudice, the length of delay and the potential impact on judicial proceedings, the reasons for delay, and the good faith of the moving party. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). The test for setting aside a default is more liberally applied when dealing with an entry of default before entry of a default judgment. Pretzel & Stouffer v. Imperial Adjusters, 28 F.3d 42 (7th Cir. 1994).

Under the first prong, the defendants must show good cause for their delay. In re State Exchange Fin. Co., 896 F.2d 1104 (7th Cir. 1990) (once default is entered, defaulting party must show good cause for it to be set aside); Passarella v. Hilton Intl. Co., 810 F.2d 674 (7th Cir. 1987) (default must be vacated when defendant has a reasonable explanation for conduct that excludes any possibility of willfulness). The defendants assert they weren't properly served with process in this action, so good cause exists for setting aside the default. The plaintiff

2

challenges the defendants' claim relating to whether proper service was made, but the issue of service isn't directly before the court – the issue for consideration is whether there is good cause for setting aside the default. The defendants' belief that they were not properly served, together with their ongoing attempts to work with the plaintiff to settle their disputes, is a reasonable explanation for their delay and suggests no willful disregard of their duties in this litigation.

The defendants must next demonstrate that they took quick action to correct their default. The defendants say that starting in the summer of 2005, they engaged in settlement negotiations with the plaintiff in this and related cases. They report that counsel had agreed that no further action would be taken by the plaintiff in this case during the negotiations.[1] According to the defendants, when it became evident at the end of the year that no settlement would be reached, they instructed their counsel to defend this action. The defendants' motion to set aside the default was filed a few weeks later. The defendants' delay in moving to set aside the default is not egregious, *compare* In re: Plunkett, 82 F.3d 738, 742 (7th Cir. 1996) ("a decade's lassitude is unpardonable"), nor is the delay in this

---

[1] Christopher Potts, who represented defendants Richard Best and Dining Delight, Inc. in their settlement negotiations with Captec, states in his affidavit that even though he was in contact with counsel for Captec, he wasn't advised by Captec's counsel that Captec had obtained a default against Mr. Best and Dining Delight in this action. Potts Aff., ¶ 13. "Certainly, [Captec's] attorney had no legal duty to inform [Mr. Potts] of the existence of . . . default . . . against [his] client, but to not to do seems very unprofessional, and perhaps, a bit underhanded." Tate v. Riverboat Servs., Inc., 305 F. Supp. 2d 916, 923 n. 9 (N.D. Ind. 2004); *see also* Passarella v. Hilton Int'l Co., 810 F.2d 674, 677 (7th Cir. 1987) (plaintiff's attorney criticized for failing to extend "the usual professional courtesy extended to fellow professionals before the bar of informing the defendant before the entry of default judgment"); STANDARDS FOR PROFESSIONAL CONDUCT WITHIN THE SEVENTH FEDERAL JUDICIAL CIRCUIT, ¶ 18 (Lawyers' Duties to Other Counsel).

3

instance indicative of a pattern in this court of willful disregard for the court's rules. Davis v. Hutchins, 321 F.3d 641 (7th Cir. 2003) (default justified against a party that demonstrates a continuing disregard for the litigation or procedures of the court). The defendants maintain that the circumstances underlying the plaintiff's claims haven't changed so as to prejudice the plaintiff in its further prosecution of this action, and the plaintiff hasn't argued that it will be prejudiced by the setting aside of the default.

Lastly, the defendants must show they have a meritorious defense to the complaint. According to the defendants, the transfer of the licenses in question wasn't fraudulent and neither of them signed or guaranteed the loans at issue; they have submitted affidavits to support their position. The defendants argue that they should be afforded an opportunity to defend themselves in this litigation. In response, Captec claims the defendants haven't articulated a meritorious defense to this action. A disagreement between the parties about which will prevail doesn't negate the defendants' showings necessary to justify vacating the default.

The interests of justice "are best served by resolving cases on their merits." Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); *see also* Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 163 (7th Cir. 1990) (noting the "well-established public policy favoring hearing cases on the merits"). The defendants have shown good cause and sufficiently quick action, and they have advanced a meritorious defense. The proceedings in this case have just begun, no deadlines have been

established, and no trial date set. The court can see no prejudice to any of the parties by going forward with this litigation.

The defendants' motion to set aside entry of default [docket # 13] is GRANTED, and the plaintiff's motion for a default judgment [docket # 17] is DENIED.

SO ORDERED.

ENTERED:   April 11, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court